UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KUSHAWN MILES, #237011, )
       Plaintiff, )
           ) No. 2:18-cv-220
-v- )
           ) Honorable Paul L. Maloney
CRYSTAL BIGGER, et al., )
       Defendants. )
           )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Kushawn Miles pursuant to 42 U.S.C. § 1983. On January 28, 2020, United States Magistrate Judge Maarten Vermaat issued a Report & Recommendation ("R&R") recommending that the Court grant Defendant's motion for summary judgment (ECF No. 37). This matter is now before the Court on Miles's objection to the R&R (ECF No. 38). For the reasons to be discussed, the Court will overrule the objection and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Miles brings two objections to the R&R. He first argues that the magistrate judge improperly applied *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011). Miles argues that *Siggers* does not apply because it dealt with a retaliatory misconduct ticket, where he complains about a retaliatory hearing officer rather than the underlying ticket. This is a false distinction. Whenever an inmate has retaliation claims, he must raise those claims at the misconduct hearing or the appeal. *Id.* at 694; *Jones v. Heyns*, Case No. 1:12-cv-1341, 2014 WL 1607431 at *6 (W.D. Mich. Jan. 28, 2014). Even giving Miles the benefit of the doubt and assuming that the only retaliation occurred during the hearing, his failure to raise the allegations of misconduct on appeal is fatal. Miles failed to exhaust the available administrative remedies, and there is no error in the R&R's conclusion. This objection is overruled.

Miles' second objection is that he did properly exhaust his administrative remedies because the grievance he filed was investigated by Internal Affairs, and that investigation satisfies the exhaustion requirement. This argument is not supported by the record: nothing shows that the grievance was filed, let alone filed and transferred to Internal Affairs. If the grievance was transferred to Internal Affairs, the MDOC would have notified Miles. *See* MDOC PD 03.02.130 ¶ R. Miles has provided no evidence that this was the case. Thus, assuming Miles did file his grievance, it was not transferred to Internal Affairs, so it was processed as a standard Step I grievance and the normal exhaustion requirement applies. *See id.* As the R&R outlines, Miles did not pursue the Step II and Step III appeals, so he did not exhaust the available administrative remedies. Therefore, this objection is overruled. Given that there are no errors in the R&R,

**IT IS ORDERED** that the January 28, 2020 R&R (ECF No. 37) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 38) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 25) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: March 6, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge